UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SWEET

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                 :

           - v. -                        :          INDICTMENT

ANYI W. CRUZ,                            11 CRIM  263

                   Defendant. :

                                         :

- - - - - - - - - - - - - - - - - - - - x

<u>COUNT ONE</u>

The Grand Jury charges:

1.   From at least on or about August 9, 2010 up to and
including on or about September 23, 2010, in the Southern
District of New York and elsewhere, ANYI W. CRUZ, the defendant,
unlawfully, willfully, and knowingly, did embezzle, steal,
purloin, and convert to her use and the use of another, vouchers,
money, and things of value of the United States and a department
and an agency thereof, to wit, the Smithsonian Institution, which
exceeded the sum of $1,000, and did receive, conceal, and retain
the same with intent to convert it to her use and gain, knowing
it to have been embezzled, stolen, purloined, and converted, to
wit, ANYI W. CRUZ stole admission fees collected by the



Cooper-Hewitt National Design Museum of the Smithsonian Institution.

(Title 18, United States Code, Section 641.)

FORFEITURE ALLEGATION

2.   As the result of committing the offense, in violation of Title 18, United States Code, Section 641, alleged in Count One of this Indictment, ANYI W. CRUZ, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to at least $55,173 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense alleged in Count One of this Indictment.

Substitute Asset Provision

3.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   Cannot be located upon the exercise of due diligence;

b.   Has been transferred or sold to, or deposited with, a third person;

c.   Has been placed beyond the jurisdiction of the Court;

d.   Has been substantially diminished in value; or

2

      e.  Has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.
§ 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other
property of said defendant up to the value of the above
forfeitable property.

    (Title 18, United States Code, Sections 641 and 981; Title 21,
        United States Code, Section 853(p); and
       Title 28, United States Code, Section 2461.)

FOREPERSON

PREET BHARARA
United States Attorney

3

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANYI W. CRUZ

Defendant.

### INDICTMENT

11 Cr.

(18 U.S.C. § 641.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

3-21-11

Filed Indictment. Case assigned to J. Sweet.

Francis
U.S.M.J