UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

ANYI W. CRUZ,

                    Defendant.

------------------------------------X

11 Cr. 263-01 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

On June 21, 2011, Anyi W. Cruz ("Cruz" or "Defendant") pleaded guilty to one count of theft government benefits, in violation of 18 U.S.C. § 641. For the reasons set forth below, Cruz will be sentenced to a three-year term of probation to include a special condition of three months' home confinement. Cruz will also be required to make restitution for her crime and pay a special assessment of $100.

**Prior Proceedings**

On March 21, 2011, Indictment 11 CR 263(RWS) was filed in the Southern District of New York. It charges that from August 9, 2010, through September 23, 2010, in the Southern

1

District of New York, Cruz stole admission fees collected by the Cooper-Hewitt National Design Museum of the Smithsonian Institution, in violation of 18 U.S.C. § 641.

On June 21, 2011, Cruz appeared before the Court and allocuted to her criminal conduct as charged.

Cruz's sentencing is currently scheduled for October 3, 2011.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to

                provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for —

    (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)    any pertinent policy statement . . . [issued by the Sentencing Commission];

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

3

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Cruz's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

Cooper-Hewitt is a museum of the Smithsonian Institution, a trust instrumentality of the United States established by an act of Congress.

The admissions staff of Cooper-Hewitt is responsible for collecting admission fees to the museum. A software product known as "TMVISTA" records the number of admission tickets sold, and the type of revenue received for each admission ticket - cash, check, or credit card, contemporaneously with the sale of each ticket.

At the end of each day for which admission fees are collected, a member of the Cooper Hewitt admissions staff counts the cash received on that day and prepares a Cashier's Admission Report (CAR), which lists the total amount of cash received that day. The CAR and the cash are then given to Cooper-Hewitt's Customer Service Manager.

Upon receiving each day's CAR and cash admission fees, the Customer Service Manager is responsible each day to deposit the cash received that day into a bank account at Cooper-Hewitt's bank (the Bank), and to obtain a deposit slip from the Bank. The Customer Service Manager is also required to complete a Cash Receipt Voucher (CRV) listing the total sum of cash admission fees received by Cooper-Hewitt on that day. The Customer Service Manager is then responsible to submit both the day's CRV and the bank deposit slip to Cooper-Hewitt's finance office, which is headed by Cooper-Hewitt's Director of Finance.

Beginning on July 2, 2007, Cruz was employed as Cooper-Hewitt's Customer Service Manager.

In late September 2010, Cooper-Hewitt's Director of

Finance discovered that Cruz had failed to submit bank deposit slips to accompany the CRV's for the period from August 9, 2010 through September 23, 2010.

A subsequent review of records from the Bank confirmed that cash admission fees that had been received by Cooper-Hewitt, from August 9, 2010 through September 23, 2010, were never deposited at the Bank.

Based upon reports generated by the admissions revenue software system TMVISTA, the total sum of cash admission fees received by Cooper-Hewitt for the period from August 9, 2010 through September 23, 2010, and that was never deposited in the Bank, was determined to be $55,173.

On October 3, 2010, Cruz was asked to participate in a voluntary interview at her residence. Cruz requested that the interview not be conducted at her residence because guests were present, but agreed to be interviewed nearby her residence in an agent's car.

Prior to the interview, Cruz was advised of her Garrity rights. After being advised of her Garrity rights, Cruz

waived her Garrity rights both orally and in writing. Cruz then made an oral statement and provided a signed written statement. In her written statement, Cruz admitted that for years she had borrowed Cooper-Hewitt's admission fees for her personal use; that prior to August 2010, she was able to hide the fact that she had not made earlier deposits by substituting admission fees received on later dates and backdating bank deposit slips; and that the total amount of admission fees received by Cooper-Hewitt, but that she never deposited, was approximately $40,000.

On November 23, 2010, Cruz was arrested.

**The Relevant Statutory Provisions**

Pursuant to 18 U.S.C. § 641, the maximum term of imprisonment is ten years.

If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Defendant is eligible for not less than one nor more than five years' probation by statute, pursuant to 18 U.S.C. §

3561(c)(1).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

Full restitution to the victim is required under 18 U.S.C. § 3663A and 18 U.S.C. § 3664.

**The Guidelines**

The November 1, 2010 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The guideline for a violation of 18 U.S.C. § 641 is found in § 2B1.1(a)(2), which provides for a base offense level of six.

Pursuant to § 2B1.1(b)(1)(E), an increase of six

levels is warranted because the loss attributable to Defendant exceeded $30,000, but was less than $70,000.

Based on her plea allocution, Defendant has shown recognition of her responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels.

Accordingly, the applicable offense level is ten.

Cruz has no known criminal convictions. Therefore, Defendant has zero criminal history points. Pursuant to the table at Chapter 5, Part A, of the Guidelines, a total of zero criminal history points establishes a Criminal History Category of I.

Based on a total offense level of ten and a Criminal History Category of I, the Guidelines range for imprisonment is 6 to 12 months. The minimum term of imprisonment may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one month is satisfied by imprisonment, pursuant to §5C1.1(c); or (3) a sentence of

probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.

The Guidelines range for a term of supervised release is two to three years, pursuant to § 5D1.2(a)(2).

Because the applicable guideline range is in Zone B of the Sentencing Table, Defendant is eligible for probation provided that the Court imposes a condition that substitutes intermittent confinement, community confinement, or home detention of at least six months, pursuant to §5B1.1(a)(2). If the Court imposes probation, the term must be at least one year but not more than five years because the offense level for the instant offense is ten, pursuant to §5B1.2(a)(1).

The fine range for the instant offense is from $2,000 to $20,000, pursuant to § 5E1.2(c)(1) and (c)(2). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of

$2,357.01 to be used for imprisonment, a monthly cost of $328.20 for supervision, and a monthly cost of $2,153.22 for community confinement.

Pursuant to § 5E1.1(a)(1), in the case of an identifiable victim, the Court shall enter a restitution order for the full amount of the victim's loss if such order is authorized under 18 U.S.C. § 3663A.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a downward departure from the Guidelines

11

sentence is warranted in the instant case. Neither a sentence of imprisonment, nor a lengthy sentence of intermittent, community, or home confinement, is required in this case to satisfy the interests of justice. The Court notes that the instant conviction represents Defendant's first criminal conviction. Additionally, Defendant has only been briefly employed since the instant offense was discovered. Although Defendant's financial statement shows a positive net monthly cash flow, it appears that the cash income reported is provided solely by Defendant's common-law husband. In light of the history and characteristics of the defendant along with the need to provide restitution to the victim of the offense, a sentence of probation, coupled with a term of home detention, is sufficient, but not greater than necessary to satisfy the objectives of sentencing set forth in 18 USC § 3553(a).

**The Sentence**

For the instant offense, Cruz will be sentenced to a three-year term of probation to include a special condition of three months' home confinement.

Cruz is directed to report to the nearest United

States Probation Office within 72 hours of release to commence her term of probation.  It is recommended that Cruz be supervised by the district of her residence.

As mandatory conditions of her probation, Cruz shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the Probation Officer.  In addition, Cruz shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug testing within 15 days of placement on probation and at least two unscheduled drug tests thereafter, as directed by the Probation Officer.

The standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

>   (1) Defendant shall provide the Probation Officer with access to any requested financial information;
>   (2) Defendant shall not incur new credit charges or open additional lines of credit without the approval

of the probation officer unless the defendant is in compliance with the installment payment schedule;

(3) Defendant shall cooperate with all inquiries and directives of Immigration and Customs Enforcement and comply with this country's immigration laws.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

As the Cooper-Hewitt National Design Museum of the Smithsonian Institution has suffered injury compensable under the Victim and Witness Protection Act, Defendant shall make restitution to the Clerk of the Court, 500 Pearl Street, New York, NY 10007, for disbursement to the Cooper-Hewitt National Design Museum of the Smithsonian Institution. Restitution in the amount of $47,885.83 should be sent to the following address:

> Smithsonian Institution
> Attn: Cash Management Office
> P.O. Box 37012 MRC-1203

Washington, DC 20013-7012
Check Memo: CH Reimbursement

Defendant is directed to pay the balance of any restitution order in monthly instalments of not less than 20% of Defendant's total gross monthly income over a period of supervision to commence upon the release from custody if imprisonment is imposed. Defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for October 3, 2011.

It is so ordered.

**New York, NY**
**September 15, 2011**

ROBERT W. SWEET
U.S.D.J.